UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  6:20-CR-00047-01** |
| **VERSUS** | **JUDGE JUNEAU** |
| **OLIVER J MARTIN (01)** | **MAGISTRATE JUDGE HANNA** |

**REPORT AND RECOMMENDATION**

Before the Court is Defendant's Motion to Sever Counts 5 and 8. (Rec. Doc. 23). The Government opposed the Motion (Rec. Doc. 31). Defendant did not reply. The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court.  Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that Defendant's Motion be DENIED.

**Factual Background**

Following an investigation which began in November 2018, Defendant was indicted on five counts of possession with intent to distribute controlled substances (Counts 1, 2, 3, 6, and 7), possession of a firearm in the furtherance of a drug trafficking crime (Count 4), and two counts of possession of a firearm by a prohibited person (Counts 5 and 8). (Rec. Doc. 1). He appeared and was arraigned on March 5, 2020 (Rec. Doc. 13) and was detained pending trial (Rec. Doc. 15).

Following a nearly year-long investigation, on October 4, 2019 agents with the Lafayette Parish Sheriff's Office (LPSO) obtained a warrant for Defendant's residence. (Rec. Doc. 30-1). According to the affidavit of Agent Trevor Picard in support of his request for a second search warrant on October 11, 2019, the agents executed the first warrant on October 5, 2019. During the search, they discovered substantial quantities of illegal narcotics, cash, and firearms. Agent Picard then obtained an arrest warrant for Defendant. On October 9, 2019, agents located Defendant's vehicle. After a short pursuit, Defendant crashed the vehicle and was arrested. A search of the vehicle yielded a large amount of narcotics. (Rec. Doc. 30-5).

Following the arrest, a confidential source informed agents that Defendant likely had more narcotics and cash hidden within compartments of his home and other buildings. The confidential source described distinct areas within the home, which had been observed by agents. A second, unrelated confidential source corroborated the information that additional narcotics and currency could still be concealed in Defendant's residence. Based on this affidavit, Judge David Smith with the 15th Judicial District issued the second search warrant on October 11, 2019. (Rec. Doc. 30-5).

Defendant was charged in Count 5 with possession of a firearm by a prohibited person arising out of the firearms discovered on October 5, 2019. He was

charged with the same offense in Count 8 for a firearm discovered on October 11, 2019 after execution of the second search warrant. (Rec. Doc. 1). Defendant now seeks to sever these two charges as prejudicial, arguing that joinder of the felon in possession charges will allow the Government to introduce evidence at trial that Defendant is a convicted felon. (Rec. Doc. 23, p. 2).

## Law and Analysis

F.R.Cr.P. Rule 8(a) authorizes the joinder of multiple offenses in the same indictment if the charged offenses are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan. Rule 8(a) is construed liberally to effectuate its policy of permitting initial joinder of the defendant's charges. *United States v. Mays,* 466 F.3d 335, 340 (5th Cir. 2006), citing *United States v. Butler,* 429 F.3d 140, 146–47 (5th Cir.2005). The Fifth Circuit has focused on the nexus between the offenses charged, as the "same act or transaction." *Id*. The Fifth Circuit recently discussed the special circumstances presented by the joinder of felon in possession charges.

> A district court may sever charges properly joined under Rule 8 if the defendant may be prejudiced by joinder. … To demonstrate compelling prejudice, the defendant must show something more than the fact that a separate trial might offer him a better chance of acquittal.
>
> …Felon-in-possession-of-a-firearm charges present special prejudice concerns that are not reflected in the usual presumption in favor of joinder because, absent severance, the jury will hear evidence of a defendant's prior felonies that would otherwise be inadmissible. In light of these concerns, a proper inquiry into the propriety of trying the

felon count together with the other charges requires examining not only the efficacy of the limiting measures taken by the trial court, but also the strength of the evidence of the defendant's guilt. For example, we have permitted joinder when the weapon was found during the investigation of the other offenses charged, when the weapon might have been available for use during the other offenses, and a limiting instruction was given. However, this court has been less inclined toward joinder when the firearm was less relevant to the other offenses, such as when it was found at the time of arrest, months after the other indicted crimes; when the possibility of prejudice seemed especially problematic, such as when the evidence for the other crimes was 'thin,' though legally sufficient; or when the prosecutor's motives for adding the charge seemed suspect or was merely a technique to introduce evidence of the defendant's bad character.

*United States v. Huntsberry,* 956 F.3d 270, 287–88 (5th Cir. 2020) (internal quotes and citations omitted).

In *Mays*, *supra*, the court agreed that felon in possession charges were properly joined with possession with intent to distribute narcotics charges, where the firearms and narcotics were found pursuant to the same search warrant. *Mays*, 466 F.3d at 341. The court likewise held in *Hunstberry* that the district court properly denied the defendant's motion to sever felon in possession charges, where the fact that the firearm was discovered during the officer's investigation of narcotics trafficking charges "fits comfortably within the rule from those cases allowing joinder when a gun is found 'during the investigation of the offense.'" *Hunstberry*, 956 F.3d at 288, citing *Mays*, 466 F.3d at. 340-41. See further the court's discussion contrasting *United States v. McCarter*, 316 F.3d 536, 540-42 (5th Cir. 2002), where

4

the evidence on the drug charges was "thin," and the Government's "ill-motives were readily apparent."

*Mays* and *Huntsberry* dictate the same result here, where the agents discovered the firearms made the basis of Count 5 pursuant to the same search warrant (the October 4, 2019 warrant) underlying the discovery of the narcotics on October 5, 2019. The fact that the firearm made the basis of Count 8 was discovered pursuant to a subsequent search warrant on October 11, 2019 does not render its discovery a different act or transaction. Agent Picard's affidavits for both search warrants show that the investigation arose from the same suspected acts (distributing large amounts of narcotics). The second search warrant (of October 11, 2019) confirms that it was a continuation of the initial investigation. Thus, the Court considers this to be part of the same act or transaction. It is reasonable to infer that the subsequently-discovered firearm would have been discovered pursuant to the first warrant but for the investigating agent's failure to recognize the hidden compartments in Defendant's residence. In any event, Defendant's request to sever Count 8 is moot in light of the Court's finding that Count 5 was properly joined with the narcotics counts. The fact that Defendant was previously convicted of a felony would be revealed at trial as the Government put on evidence in support of Count 5, regardless of whether Count 8 is also considered. Finally, this case has neither "thin evidence" nor evidence of government ill-motive, such that the special concerns of

prejudice addressed in *McCarter, supra*, are not present in this case. Accordingly, the Court finds that Counts 5 and 8 should not be severed.

## Conclusion

For the reasons discussed herein, it is recommended that Defendant's Motion to Sever Counts 5 and 8 (Rec. Doc. 23) be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Crim. P. 59(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Crim. P. 59(b) shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 6th day of July, 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE