UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

UNITED STATES OF AMERICA        CASE NO.  6:20-CR-00047-01

VERSUS        JUDGE ROBERT R. SUMMERHAYS

OLIVER J MARTIN (01)        MAGISTRATE JUDGE DAVID J. AYO

MEMORANDUM RULING

Before the Court is a MOTION TO WITHDRAW AS DEFENDANT'S ATTORNEY filed by the Boustany Law Firm through Alfred Boustany, II, retained counsel for defendant Oliver J. Martin.  (Rec. Doc. 89).  For the reasons set forth below, the motion is GRANTED and the Court APPOINTS Aaron A. Adams of the Office of Federal Public Defender as counsel for Martin.

## I.      Factual and Procedural History

Martin was named in a single-defendant indictment on February 20, 2020, charging multiple felony counts.  (Rec. Doc. 1).  Count 1 charges possession with intent to distribute 50 grams or more of methamphetamine.  Count 2 charges possession with intent to distribute 100 grams or more of heroin.  Count 3 charges possession with intent to distribute 500 grams or more of cocaine.  Count 4 charges possession of a firearm in furtherance of a drug trafficking crime.  Count 5 charges possession of firearms by a prohibited person, specifically, an SKS rifle with an obliterated serial number, a Ruger LCP handgun with an obliterated serial number, a Beretta Model 92 handgun, a Smith & Wesson .38 caliber revolver, and various ammunition.  Count 6 charges possession with intent to distribute cocaine base.

Count 8 charges possession of a firearm by a prohibited person, specifically, a different Smith & Wesson .38 caliber revolver and ammunition. The indictment also seeks forfeiture of real property in Lafayette Parish, Louisiana, $255,885.39 in United States currency, and the above-reference firearms and ammunition.

Martin appeared for an initial appearance and arraignment on March 5, 2020. He entered a plea of not guilty to all counts and did not contest the government's request for detention. (Minutes, Rec. Doc. 13; Waiver of Detention Hearing, Rec. Doc. 14).[1] Mr. Boustany filed a Motion to Suppress and Motion for Separate Trial on Counts 5 and 8. (Rec. Docs. 22, 23). Magistrate Judge Patrick Hanna recommended that both motions be denied. (Rec. Doc. 32, 33). Judge Michael Juneau adopted both recommendations. (Rec. Doc. 35, 36). A jury trial was thereafter set for April 12, 2021. (Rec. Doc. 39). Due to some further motion practice, (Rec. Doc. 45), Mr. Boustany filed an unopposed motion to continue the trial, (Rec. Doc. 44), which was reset for June 21, 2021. (Rec. Doc. 54).

The matter did not proceed to trial and multiple change of plea hearings were set then upset. (Rec. Docs. 60, 61, 62, 65, 66). The change of plea hearing took place on September 23, 2021, but for reasons not stated in the minutes, the case was recessed. (Minutes, Rec. Doc. 67). The docket notes, however, that an oral motion for mental competency examination was made, (Rec. Doc. 68), and granted by order dated September 27, 2021, (Rec. Doc. 69).

---

[1] The stated grounds for the waiver were a probation hold in state court and state court bonds. Martin's signature bears what appears to read "auth rep" and is signed by his retained counsel, Alfred Boustany, II.

On September 2, 2022, this matter was reassigned to the undersigned upon the retirement of Magistrate Judge Hanna.  (Electronic Order, Rec. Doc. 75).  A competency hearing was conducted with the undersigned ultimately finding Martin competent to stand trial.

Subsequent to the competency hearing, someone on Martin's behalf manually filed a packet containing 20 pages of documents.  (Rec. Doc. 85).  A review of the packet reveals that it contains the usual sovereign citizen-type documents, e.g., "Judicial Notice and Proclamation" referring to Hebrew Israelites.  (Rec. Doc. 85 at 1-10).  The next document is captioned "Notice of Fee Schedule for Protection from Corporate Abuse, False Arrest, Victimless Charges and Bills of Attainder."  (*Id.* at 11-16).  The packet also contained three documents all captioned "Acceptance of Oath of Office" and addressed to Judge Summerhays, (*Id.* at 17-18), and undersigned, (*Id.* at 19-20).  All of these documents contain a signature reading "Oliver Johnathan Martin" and bear the notation "ath [sic] rep" and the symbol "©."  The documents were all notarized by Jennifer Simms.

## II.    Hearing on Instant Motion and *Faretta* Hearing

Mr. Boustany filed the instant motion on April 26, 2023 seeking to withdraw as Martin's counsel.  (Rec. Doc. 89).  Mr. Boustany indicated that Martin refused to meet with him, that Martin requested that Mr. Boustany resign, and that Martin appeared to want to represent himself.  (*Id.* at ¶1).  Given the possible desire on Martin's part to represent himself, Mr. Boustany requested that a hearing pursuant to *Faretta v. California*, 422 U.S. 806 (1975), be conducted.  (*Id.* at ¶2).

By order dated May 3, 2023, the Court set Mr. Boustany's motion for hearing on May 18, 2023. (Rec. Doc. 90). On May 10, 2023, three separate packets of documents were received by the Court via certified mail from Jennifer Simms. (Rec. Doc. 91-1). The packets contain essentially verbatim documents and each was addressed to undersigned, former Magistrate Judge Hanna, and Judge Summerhays. The documents each state, among other things, "Notice of International Commercial Claim Within the Admiralty ab initio Administrative Remedy," "First Notice of Default Libellant," and "Demand for Dismissal for Lack of Jurisdiction and Denial for Due Process of Law ab initio Administrative Remedy." Since all of the documents listed Jennifer Simms (but not in any particular capacity) and were mailed to the Court by Ms. Simms, the Court ordered Ms. Simms to appear at the hearing on Mr. Boustany's motion. (Order, Rec. Doc. 91).

Due to the unexpected closure of the courthouse on May 18, 2023, the hearing on the instant motion was reset for June 7, 2023. During the hearing, the Court first discussed with Ms. Simms the above-referenced documents. She confirmed that the signatures she had been notarizing were in fact not Martin's signatures but rather that Martin's sister had been signing Martin's name in her alleged capacity as power of attorney for Martin. The Court was curious about the origin of the signatures on the documents given that Martin has been detained at all times since his arraignment and numerous of the notarized signature were allegedly witnessed by signature and fingerprint. Since the May 10 documents sought dismissal, the Court construed them as requests for relief from the Court, prompting undersigned to inquire with Ms.

Simms whether she is a licensed attorney.  She confirmed that she is not.  The remainder of the hearing was sealed and addressed Mr. Boustany's motion.  At the conclusion of the hearing, the Court took Mr. Boustany's motion under advisement, although noting that it would in all likelihood be granted.  While the hearing as it related to the instant motion and the *Faretta* inquiry was sealed, the Court issues this memorandum ruling to grant Mr. Boustany's motion and address certain issues that arose during the hearing that can be discussed in a public filing.

### III.    Analysis

The Court agrees with Mr. Boustany that the attorney-client relationship with Martin has deteriorated beyond repair.  Undersigned observed Martin's refusal to communicate with Mr. Boustany and notes Mr. Boustany's submissions during the hearing regarding Martin's position relative to Mr. Boustany's continuing representation.

The purpose of this memorandum ruling is to briefly summarize Martin's refusal to participate during the June 7, 2023 hearing.  Undersigned attempted to confer with Martin regarding his Sixth Amendment rights to representation by counsel as well as his right to self-representation in the event he desired to do so, as required by *Faretta*.  During the hearing, Martin objected 70 times and fired everyone in the courtroom four times.  He cited the Uniform Commercial Code, refused to "consent" to any proceedings taking place, requested production of a contract that purportedly has some bearing on the validity of this matter or his amenability to prosecution for the narcotics and firearms offenses charged in the indictment, and

asserted that he had been kidnapped.  He refused to respond to his actual name and identified himself by various titles such as "beneficiary," "authorized representative," and "sovereign soul."  He further attempted to appoint undersigned as "trustee."

In sum, the Court was unable to conduct a proper *Faretta* inquiry.  Martin repeatedly refused to answer whether he wanted to fire Mr. Boustany.  Given that Martin purported to "fire" everyone in the courtroom on four occasions, the Court took that to mean that he wished to fire Mr. Boustany as well.  Undersigned informed Martin on multiple occasions that a trial will be set and inquired without success whether Martin wanted counsel to be appointed.  Martin also refused to state whether he wished to represent himself.  Undersigned explained to Martin the maximum penalties for each charged count as well as the forfeiture allegation and that it was in Martin's interest to have counsel versed in the Federal Rules of Evidence and Federal Rules of Criminal Procedure.

The Court cannot rule out the possibility that Martin will assert some form of error in the *Faretta* inquiry on appeal in the event he is convicted at trial.  Of course, taking an appeal is an acknowledgment of federal court jurisdiction—which Martin has refused to do so thus far—but the Court cannot rule out a change of heart in the event of a conviction and possible lengthy sentence of imprisonment based on the mandatory minimums applicable to numerous charged counts.  The Court could not determine whether Martin's waiver of his right to counsel was knowing and voluntary since Martin's failure to cooperate and participate could not be construed as a waiver in the first place, hence the appointment of Mr. Adams as counsel.  As problematic as

the assertion of sovereign citizen principles can be, in some criminal cases involving sovereign citizens charged with narcotics and firearms offenses, the defendant at least participates in the *Faretta* inquiry.  *See United States v. Jones*, 65 F.4th 926 (7th Cir. 2023).

## IV.    Conclusion

For the foregoing reasons, the MOTION TO WITHDRAW AS DEFENDANT'S ATTORNEY filed by the Boustany Law Firm, (Rec. Doc. 89), is GRANTED.  It is further

ORDERED that Aaron A. Adams with the Office of Federal Public Defendant is APPOINTED as counsel of record for defendant Oliver J. Martin.  It is further

ORDERED that a scheduling conference is hereby set for Friday, June 23, 2023 at 10:00 a.m. via Zoom for the purpose of setting a trial date.  It is further

ORDERED that defendant Oliver J. Martin shall attend the teleconference.

Signed at Lafayette, Louisiana on this 20th day of June, 2023.

DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE