**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:20-CR-00047-01** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **OLIVER J MARTIN (01)** | **MAGISTRATE JUDGE DAVID J. AYO** |

## MEMORANDUM ORDER

On June 25, 2024, a jury returned a verdict of guilty against Oliver J. Martin on eight counts.[1] On October 3, 2024, this Court sentenced Mr. Martin to imprisonment for a term of 405 months as to Count 1; 405 months as to Count 2; 405 months as to Count 3; 120 months as to Count 5; 405 months as to Count 6; 240 months as to Count 7 and 120 months as to Count 8, all to run concurrently with one another; and 5 years as to Count 4 to run consecutively with the other counts.[2] On December 29, 2025, the Court of Appeals for the Fifth Circuit affirmed the Judgment.[3] On September 8, 2026, Defendant filed a Motion to Vacate under 28 U.S.C. 2255 [ECF No. 223] which was denied by the Court as having no merit.[4] Defendant has now filed an Amended and Supplemental Motion to Vacate under 28 U.S.C. 2255 [ECF No. 227] raising new grounds for relief. The Court ordered a response from the government[5] which has now been filed.[6] In addition, Defendant has replied to the government's response.[7]

Section 2255(h) provides as follows:

---

[1] ECF No. 173.
[2] ECF No. 198.
[3] ECF No. 222.
[4] ECF No. 225.
[5] ECF No. 229.
[6] ECF No. 230.
[7] ECF No. 232.

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
>
> Further, 28 U.S.C. § 2244(b)(3) provides that:
>
> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

The United States Supreme Court has held that "if a judgment on the merits has been issued as to a first-in-time petition even if the case remains on appeal," any petition filed after that issuance is considered a successive motion.[8] Here, in his Amended and Supplemental Motion, Defendant raises a wholly new issue which could have been raised previously. It is, without question, a successive motion. Defendant has not sought permission from the 5th Circuit Court of

[8] *Rivers v. Guerrero*, 605 U.S. 443, 457 n. 5 (2025).

Appeals to such a motion. As such, the Court has no jurisdiction to hear the matter and it must be dismissed.

For the foregoing reasons,

IT IS ORDERED THAT the Amended and Supplemental Motion to Vacate under 28 U.S.C. 2255 [ECF No. 227] is DISMISSED for lack of jurisdiction.

THUS DONE in Chambers on this 6th day of November, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE